THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAN GOODRICK, | ) | |
| | ) | Case No. CV-09-17-S-BLW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| AMY ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

     Pending before the Court in the above-entitled matter are Plaintiff Dan Goodrick's ("Goodrick') Motion for Service of Complaint on Defendants Crawford and Martin (Docket No. 17) and Motion for Entry of Default (Docket No. 20).  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

MOTION FOR SERVICE

     Plaintiff moves to have his Amended Complaint (*Docket No. 8*) served on Defendants Crawford and Martin who no longer work for the Idaho Department of Corrections ("IDOC") and to dismiss Defendants Tyon and Hardison.  In reviewing the Defendants' Answer filed on September 4, 2009 (*Docket No. 18*), counsel for the

**MEMORANDUM ORDER - 1**

Defendants indicates that he is representing Defendants Martin and Crawford, so there is no reason to have these defendants served with the Complaint. As to Tyon and Hardison, these Defendants have already been dismissed from the action pursuant to the Court's Initial Review Order dated July 1, 2009 (*Docket No.* 10). Therefore, the motion for service is moot.

## MOTION FOR ENTRY OF DEFAULT

On September 21, 2009, Plaintiff filed a motion for the Court to enter default against Defendants[1] for their failure to timely answer his Complaint. Plaintiff maintains that pursuant to Fed. R. Civ. P. 55(a) the entry of default is mandatory. Defendants Amy Anderson, Terema Carlin, Kevin Kempf, Todd Martin, Tom McKenzie and Correction Officer Crawford (collectively referred to as the "Defendants") filed their Answer to the Complaint on September 4, 2009, *Docket No. 18*. Defendants acknowledge they filed their Answer four days beyond the deadline to file a responsive pleading, but argue that default is not the proper remedy since Plaintiff has not suffered any prejudice due to the short delay in receiving Defendants' Answer and the goal of deciding cases on their merits.

It is undisputed that Defendants indicated their intent to defend the Complaint

---

[1] Plaintiff moves for default against Defendants Kempf, Carlin, Anderson and McKenzie, but as noted earlier in this Order, Defendants Martin and Crawford are also being represented by the same defense counsel, so the Court will deem this motion for entry of default to also apply to Defendants Martin and Crawford.

**MEMORANDUM ORDER - 2**

when they filed their Answer (*Docket No. 18*) and Motion for Judgment on the Pleadings (*Docket No. 19*) on September 4, 2009.  The Defendants' responsive pleadings were filed seventeen days prior to Plaintiff filing his motion for entry of default.  Rule 55(a) provides:

> Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The Commentary to the 2007 Amendments to Rule 55 indicates that Courts have rejected the mandatory language of Rule 55 where an intent to defend has been established.

> Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules."  The implication from the reference to the defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules.  Courts in fact have rejected that implication.  Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule.  "As provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

The Court finds in this case the Defendants have indicated their intent to defend and that default would not be appropriate.  Under the facts of this case, the Court finds that even if the Court entered default against the Defendants, the Court would not enter default judgment as such a decision is discretionary and is not justified in this case.  *See Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

      The seven factors that must be evaluated in determining whether default judgment should be entered are set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

**MEMORANDUM ORDER - 3**

1986):

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26.

In applying the first factor, the Court notes Plaintiff does not allege that he has been prejudiced by the Answer being filed four days late.  This is not a case of the Plaintiff filing for default before an Answer has been filed.  Further, defaults are generally disfavored as the Court would not reach the merits of the substantive claims and defenses if default was granted.  *See Pena v. Segouros L Comercia, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).  Based on the motion for judgment on the pleadings, the Court has serious concerns regarding whether the substantive claims were filed within the applicable statute of limitations and the need to follow the policy of deciding cases on their merits is critical in this case.  The sufficiency of the Plaintiff's claims has not been established as this Court has not ruled on the pending dispositive motion and has only conducted an initial review of Plaintiff's Amended Complaint.

The damages sought by Plaintiff are $100 per day from December 18, 2005 until March 30, 2009, plus punitive damages of $5,000 from each named Defendant.  This claim for damages is not a sum certain based on actual damages but is an estimate by Plaintiff of the value of his claim if he is successful.  The calculation of damages requires

**MEMORANDUM ORDER - 4**

a determination of whether the Plaintiff is entitled to relief on the merits of his alleged civil rights violations.  It would be inappropriate to award Plaintiff his requested damages in his Amended Complaint without a review of the merits of his claims and actual injury suffered.

The Court notes Defendants do not claim the late filing of their Answer was due to "excusable neglect," but simply state the late filing was "purely inadvertent." Defendants' counsel is on notice that further filings outside the Court's deadlines will not be tolerated.  The one time late filing does not justify the entry of default in this case.

For all the above reasons, the Court finds the entry of default would not be proper in this case and that an adjudication on the merits is in the interests of justice being served.  The motion for default will be denied.

## ORDER

Being fully advised in the premises, the Court hereby orders that Plaintiff's Motion for Service of Complaint on Defendants Crawford and Martin (Docket No. 17) is

**MEMORANDUM ORDER - 5**

DENIED AS MOOT and Motion for Entry of Default (Docket No. 20) is DENIED.



DATED:  **November 27, 2009**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**MEMORANDUM ORDER - 6**